CITY OF NEWPORT *v.* NEWPORT STREET RAILWAY COMPANY.

**Cities—Power Over Streets.**

The city council has no power to deprive itself, by contract, of the power to regulate the reconstruction of railways made necessary by changes in the character of pavements. It has the power independently of any contract with a railroad company to make reasonable and proper regulations as to the improvement of streets upon which railroads are built, and may change the grade of such streets, where necessary, for the public convenience.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 24, 1877.

OPINION BY JUDGE PRYOR:

It was adjudged by this court in the case of Louisville City Railway Company against the city of Louisville "that the general council could not by contract deprive itself of the power to regulate the reconstruction of railways made necessary by changes in the character of pavements used upon the streets of the city; neither could it embarrass or clog its right to exercise such power by undertaking, either expressly or by implication, to pay the expenses necessarily incurred by the company in complying with the reasonable and proper regulations made by the city upon the subject;" and again the law reserves to the council the right to regulate the manner

of construction and reconstruction of the street railways." 8 Bush 420.

Under the ordinance by which the appellee is permitted to construct its railway, the city, by the 9th section "reserves the right to make all necessary improvements in said streets in the way of drainage, sewerage, water and gas privileges," etc., and by the 5th section, "to keep the streets in good repair between the rails, and upon failure, after ten days notice, the city shall proceed to repair the streets at the cost of the company." Regardless of such a contract between the city and the company, the former had the undoubted right to repair or reconstruct its streets as demanded by the necessities of the public, and in this case, with a view of notifying appellee of its legitimate rights in the exercise of such a power, it is expressly reserved by the terms of the agreement between the contracting parties, and the railway company undertook the exercise of its franchise, if it may be so termed, subject to the right of the city over its streets. It is manifest that one of the causes requiring a reconstruction of this street originated from the location of this railway upon it, and the repairs or reconstruction was not only reasonable, but indispensable in order to place the street in a condition for public use. The reconstruction of the street made it necessary for the company to repair its track, and the fact that the entire grade of the street was changed cannot affect the question involved.

Adopting appellee's theory of this case, so long as the track or street between the rails was in repair, no liability could exist. This is true if the fact is conceded that the city, by its council, had the right to place the track in a condition that it required repairs by reason of the necessary or proper improvement of the streets. The city government in the exercise of its legislative powers must determine as to the necessity or the propriety of the improvement of the streets, and also the reasons of such improvement. *Louisville City R. Co. v. City of Louisville,* 8 Bush 420.

In the case referred to, the city council of Louisville required the company to take up its track with the crescent rail, and lay down what was called a tram rail. This was necessarily attended with much expense, but the system of street improvements demanded that such action should be taken by the council, and being the proper and legitimate exercise of the power to improve the streets, a right the council could not bargain away, it was held that the city was not liable. This improvement was made by the city. It was necessary that it should have been made. The appellee had notice that the

repairs should be made by it, and as the city council, independently of any contract with the company to that effect, had the power to make reasonable and proper regulations as to the improvement of streets and as to the manner in which street railway companies should run their trams over them, the appellee cannot complain, when by contract it has agreed to make the repairs that the city had the right to require that they should make. While this right of way cannot be taken from them without compensation, we are satisfied that by a reasonable interpretation of the contract between the parties the company was compelled to so repair or reconstruct its track as to make it correspond with the improvement or grade of the street. The judgment is, therefore, *reversed* and cause remanded for further proceedings consistent with this opinion. A new trial should be granted.

*Hawkins,* for appellant. *F. M. Webster,* for appellee.